These conclusions require that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

---

ATWOOD v. FAGAN et al.

(Court of Civil Appeals of Texas. Jan. 21, 1911. Rehearing Denied Feb. 18, 1911.)

1. DAMAGES (§ 81*)—STIPULATIONS.

A stipulation in a contract for the sale of real estate that a sum deposited by the vendee as part payment on the purchase price shall in case of breach of the contract be received by the vendor will be treated as a penalty even though it be designated as liquidated damages, where the actual damages sustained by the vendor are susceptible of definite ascertainment, but if the damages be uncertain or indeterminate, the sum specified will be treated as fixing by stipulation the amount of the recovery.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

2. DAMAGES (§ 81*)—STIPULATIONS.

Where a vendee in a contract' for the sale of real estate deposited a sum of money with a bank, and the contract provided that in case the vendee did not consummate the purchase the money should be received by the vendor as fully liquidated damages, and it appeared that it was doubtful whether a certain railroad station would be built opposite the property, which event largely affected the value of the property, the provision would be treated as one for liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

3. VENDOR AND PURCHASER (§ 331*)—CONSTRUCTION OF CONTRACT—MARKETABLE TITLE.

Where a contract for the sale of real estate provided that an abstract of title should be furnished showing a marketable title to the satisfaction of the vendee's attorney, and the abstract showed that the title was deraigned through one who claimed under a will, but did not show that any inventory of the estate was ever filed, it was a question of fact in an action for damages whether there was a merchantable title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 331.*]

4. VENDOR AND PURCHASER (§ 137*) — CONTRACT OF SALE—CONSTRUCTION.

Where a contract for the sale of land stipulated that the vendor should furnish an abstract of title showing a merchantable title to the satisfaction of the vendee's attorney, in the absence of any bad faith the decision of the attorney would be decisive.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 260; Dec. Dig. § 137.*]

5. VENDOR AND PURCHASER (§ 331*) — CONTRACT OF SALE—ACTION BY VENDOR.

In an action by a vendor for damages, held, that the good faith of the vendee's attorney in finding that the title was not a merchantable one as shown by the vendor's abstract was a question for the jury.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 331.*]

6. DAMAGES (§ 81*)—LIQUIDATED DAMAGES.

Where the vendee in a contract for the sale of real estate deposited a sum of money with a bank as liquidated damages in case of nonperformance on his part, the rights of the parties were fixed as to the damages when the contract was terminated and the fact that the vendor thereafter sold the property for a greater sum than the vendee had agreed to pay did not affect the vendor's right to the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by W. S. Atwood against S. T. Fagan and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Cooper & Stanford, for appellant. Madden, Trulove & Kimbrough, for appellees.

DUNKLIN, J. W. S. Atwood and S. T. Fagan entered into a written contract by the terms of which the former agreed to sell and the latter agreed to buy two lots in the city of Amarillo. The consideration for the property named in the contract was $10,000 and at the time it was executed Fagan deposited with the First National Bank of Amarillo $400 as a guaranty that he would perform the obligations imposed upon him by the terms of the contract. There was a fur-

ther stipulation in the contract that in the event Fagan should not consummate the purchase, then Atwood should receive the $400 "as full liquidated damages accruing to him by reason of such failure, and in that event this contract shall thereafter be canceled and held for naught as to all parties hereto." In the contract the $400 was also designated as "forfeit money," and Atwood was designated as the first party and Fagan as the second party. The fifth clause of the contract reads: "It is especially agreed and understood by all parties hereto that the abstract of the title to said property shall be examined and passed upon by any reputable practicing attorney who is licensed to practice law in the district courts of Texas, that second party may select, at the cost of second party, and should he, the said attorney find that first party had not a good and merchantable title to said property or should defects be discovered in said title that cannot be cured in a way satisfactory to said attorney within a reasonable time, then and in that event second party shall not be required to consummate this purchase and the forfeit money shall then be returned to him, the second party, and thereafter this contract shall be null and void and of no further force and effect."

The abstract of title furnished by Atwood showed that he deraigned title through Mrs. Mattie S. Brown, who claimed the same under a will in her favor executed by Miss S. A. Spiller. This will purports to devise and bequeath all the property owned by the testatrix to Mrs. Mattie S. Brown. The abstract shows title vested in the testatrix before her death, and does not show any deed from her conveying the property to any one. The will was duly probated in the county court of Bell county. The order of court admitting the will to probate directed the issuance of letters testamentary to Sam J. Brown, the executor named in the will, "upon filing an inventory and appraisement of said estate and making bond in the sum of one thousand dollars," but the abstract fails to show that any inventory of the estate was ever filed. Upon receipt of the abstract of title Fagan employed an attorney to examine it, who rejected the title as unmerchantable by reason of the absence of such a showing. Affidavits were procured purporting to show that Miss S. A. Spiller owned the property at the time of her death and these were tendered to Fagan's attorney, but were not considered sufficient to cure the defect noted above. Atwood then tendered to Fagan a deed to the property duly executed by himself and wife in accordance with the terms of the contract, but the same were refused by Fagan on account of the disapproval of the title by his attorney. Atwood then instituted this suit to recover the $400 deposited with the bank. The trial court gave a peremptory instruction to the jury to return a verdict in favor of the defendant and from a judgment entered in accordance with that instruction Atwood has appealed. Upon request of appellant's attorney the trial court filed findings and conclusions of law, and appellee insists that in the absence of exceptions to those findings, appellant is bound thereby. The rule thus invoked would be applicable if the case had been tried without the intervention of a jury, but we know of no law which contemplates such findings when the case is tried by a jury and must, therefore, overrule that contention.

The testimony showed that at the time the contract was executed it was expected by Fagan that a railroad depot would be located just across the street from the property he contracted to purchase; that immediately after the execution of the contract a rumor was current in the community that this depot would be located about six blocks further distant; that the market value of the property was speculative and uncertain; that the location of the depot in close proximity to the property would cause it to sell for a greater sum than could be realized if the depot were located elsewhere. While it is true, as held in Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, that a stipulation in a contract of this character that a sum deposited as the $400 in this case was deposited will be treated as a penalty, even though designated as liquidated damages, if the actual damages sustained by the complaining party are susceptible of definite ascertainment, yet it is equally well established that "if the damages be in their very nature uncertain, or the amount indeterminate, the sum specified will be treated as fixing by stipulation the amount of the recovery." Talkin v. Anderson (Sup.) 19 S. W. 852; Neblett v. McGraw, 41 Tex. Civ. App. 239, 91 S. W. 309; Eakin v. Scott, 70 Tex. 442, 7 S. W. 777.

We think that the terms of the contract clearly indicate that the $400 deposited by Fagan with the bank was intended and understood by the parties as the amount of damages to which appellant would be entitled in case of a breach of the contract by the appellee and we have found nothing in the testimony indicating or tending to show that such was not true.

It was also further stipulated in the contract that in the event Atwood should be entitled to receive the forfeit money on account of a breach of the contract by Fagan, he would pay one-half of the same to Gilvin & Gilvin, real estate agents, representing him in the transaction, and appellee insists that this rendered Gilvin & Gilvin necessary parties to the suit and that for that reason, if for no other, the judgment of the trial court should be sustained. We are unable to agree to this contention. Gilvin & Gilvin were not parties to the contract, and there was no proof that they had assented there-

to. Milling Co. v. Eaton, 86 Tex. 401, 25 S. W. 614, 24 L. R. A. 369, 9 Cyc. 380.

We cannot say that the objection made by Fagan's attorney to the title was capricious and without any foundation to support it. Our statutes do require the return of an inventory of an estate administered in the probate court, and, even though the absence of such an inventory should be held insufficient of itself to show a substantial defect in the title, nevertheless, it cannot be held as matter of law that the irregularity would not render the title unmerchantable. Schmeltz v. Garey, 49 Tex. 49. Whether or not a title with such an irregularity was merchantable we think is a question of fact. The contract stipulated that Atwood would furnish a merchantable title to be determined by Fagan's attorney and the evidence shows without controversy that the attorney was not satisfied therewith by reason of the irregularity noted above. The decision of the attorney we think would have been decisive of the case and would have required the peremptory instruction given by the trial court but for the fact that there was testimony upon the issue of lack of good faith on the part of Fagan's attorney in rendering his decision upon the title. It was proven that the attorney was interested with Fagan in the contract for the purchase of the property, and, as indicated already there was proof that the rumor was current immediately after the execution of the contract that the expected railway depot would be located at a considerable distance from the property, and that unless located near the property the value of property would be less than the contract price. This testimony and the attorney's interest in the contract would tend to show a motive on the part of the attorney to give an adverse decision upon the title, and while the attorney testified that it did not influence him in any manner, and that he was confident all the while that the depot would be located just across the street from the property, where in fact it was afterwards located, yet we do not believe that the trial court had the right to take such issue of good faith from the jury, but that such issue should have been submitted to them for their determination. The failure to submit that issue will require a reversal of the judgment.

It was proven upon the trial that subsequent to Fagan's refusal to consummate the contract of purchase Atwood sold the property for $1,000 more than he would have realized if the proposed sale to Fagan had been consummated, and appellee insists that as this proof showed that Atwood did not sustain any loss by Fagan's refusal to take the property, no other judgment than the one rendered could have been sustained. The rights of the parties relative to the $400

in controversy were fixed when the contract was terminated, and if Atwood was entitled to recover the $400 at that time, we fail to see how that right could be destroyed by his' sale thereafter for a greater sum than Fagan agreed to pay.

For the error noted above, the judgment is reversed and the cause remanded.