**DIXIE OIL CO., Inc., v. McBURNETT.**
(No. 928–5022.)

Commission of Appeals of Texas, Section B.
May 9, 1928.

l. Vendor and purchaser ⬤➡137—Vendor is not entitled to specific performance under contract subject to attorney's approval of title without proving bad faith of rejection.

Where contract provides that purchase of realty is subject to approval or acceptance of title by purchaser's attorney, vendor is not entitled to specific performance on such attorney's disapproval or refusal to accept title, regardless of validity of his objections, without pleading and proving that such rejection was arbitrary or in bad faith.

2. Appeal and error ⬤➡1161—Defendant in error's confession of error, praying that judgment be reversed and rendered, held admission of inability to establish facts necessary to recover.

Confession of error filed by defendant in error in which he joined in plaintiff in error's prayer that judgment be reversed and rendered against him *held* equivalent to admission that he is unable to establish facts necessary to recover on another trial.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by C. C. McBurnett against the Dixie Oil Company, Inc. Judgment for plaintiff was affirmed by the Court of Civil Appeals (2 S.W.[2d] 485), and defendant brings error. Reversed and rendered.

P. H. Swearingen and Powell & Green, all of San Antonio, for plaintiff in error.

Collins, Jackson & Snodgrass, of San Angelo, for defendant in error.

LEDDY, J. Defendant in error brought this suit against plaintiff in error for specific performance of an alleged contract, partly oral and partly written, to sell a portion of an oil and gas prospecting permit on university lands. The written portion of the contract was evidenced by a draft drawn by defendant in error on plaintiff in error, which contained the notation that the amount stipulated therein was payable, provided that the title, for which the draft was given, was subject to approval of plaintiff in error's attorney, and the purchase thereof to the approval of the company's officers in Shreveport, La. This draft was placed in escrow with the transfer of the permit covered by the contract, subject to the examination of title as shown by abstract furnished by defendant in error.

It appears that plaintiff in error's attorney disapproved the title on the ground that it was doubtful and uncertain by reason of a combination created under article 5904o27, Vernon's Ann. Civ. St. Supp. 1922 (article 5374, Rev. St. 1925), and the company's officers declined to approve the purchase.

The trial court rendered judgment decreeing specific performance of the contract, and this judgment was affirmed by the Court of Civil Appeals.

Defendant in error's petition contained no allegation that the action of plaintiff in error's attorney in refusing to approve the title was arbitrary or in bad faith. The case was tried by the court without a jury, and it is recited in the judgment that the court found the title tendered was good.

[1] The rule is well settled that where parties enter into a contract providing that the purchase of property is subject to the approval or acceptance of the title by the purchaser's attorney, if the latter disapproves or

refuses to accept it, the seller is not entitled to enforce specific performance of the contract without pleading and proving that the attorney's rejection of the title was arbitrary or in bad faith. City of Amarillo v. Slaton & Co. (Tex. Civ. App.) 208 S. W. 967; Stephens v. Kansas Life Ins. Co. (Tex. Civ. App.) 233 S. W. 353; Atwood v. Fagan, 63 Tex. Civ. App. 659, 134 S. W. 765; Greer v. International Stockyards Co., 43 Tex. Civ. App. 370, 96 S. W. 79; Church v. Shanklin, 95 Cal. 626, 30 P. 789, 17 L. R. A. 207; Thurman v. City of Omaha, 64 Neb. 490, 90 N. W. 253; Wendt v. Vogel (Tenn. Ch.) 58 S. W. 764; Haney v. Preston, 119 Iowa, 192, 93 N. W. 297; Butler v. Tucker, 24 Wend. (N. Y.) 447; United States Trust Co. v. Incorporated Town of Guthrie Center, 181 Iowa, 992, 165 N. W. 188; Thompson v. Avery, 11 Utah, 214, 39 P. 829.

In 39 Cyc. 1509, the rule is thus stated:

"It is perfectly competent for the parties to stipulate that the title of the vendor shall be such as will be pronounced good and merchantable by an attorney, title or trust company, or other third person, and a purchaser will not be required to take a title not so pronounced good, so long as there is good faith, although the court may deem it good under the law. Under such a contract, the approval or disapproval of such third person is conclusive if made in good faith and with no improper motive, although in the opinion of the court, the title may be good as a matter of law."

In the case of Church v. Shanklin, supra, the provision in the contract was that the defendant agreed to pay plaintiff two notes "whenever he perfects the title to the lot, etc., to the satisfaction of Church & Cory, attorneys." The record failed to show that Church & Cory's failure to express satisfaction with the plaintiff's title was through any fraudulent or improper motive. The court held that plaintiff was not entitled to recover, and that a general demurrer should have been sustained to the petition. In passing on the question it was said:

"The learned judge of the court below, in determining the issues between the parties, stated he would assume that the attorneys acted in the best of faith, but held that, if the title was in fact good, the defendants could not refuse to pay the note because their attorneys were not satisfied with the title. * * *

"As there was no allegation in the complaint that the action of the arbitrators chosen by the parties was controlled by fraud or collusion between them and the defendants, or by undue influence of any kind, we think the demurrer ought to have been sustained. The notes, according to their terms, cannot mature, and no action therein can be maintained until Church & Cory, acting in good faith, state that in their opinion the title has been perfected, or some sufficient reason is shown why they have not done so."

In this case, the trial court and the Court of Civil Appeals seem to have concluded that

defendant in error's right to specific performance was dependent upon whether the objections made by the attorneys were valid objections, and, if valid, whether they had been cured as a matter of law. It was erroneous to so deal with the matter under the contract shown in this case. For the case to be decided upon this basis is to, in effect, emasculate the provision of the contract calling for a title satisfactory to plaintiff in error's attorney. This was a valid provision of the contract which the court did not have the right to ignore. There was no basis for the judgment rendered by the court in the absence of a plea supported by proof that a rejection of the title by the attorneys was not in good faith.

[2] We would recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial in order that the issue as to whether the attorney's opinion rejecting the title was arbitrary or in bad faith could be determined, but do not make such recommendation for the reason that the defendant in error has filed herein a written confession of error in which he joins in plaintiff in error's prayer that the judgment be reversed and rendered against him. We regard this confession of error as being equivalent to an admission that defendant in error is unable to establish facts necessary to recover upon another trial.

Accordingly, we recommend that the judgment of the trial court and the Court of Civil Appeals be reversed and rendered in favor of plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.