### KNOX et al. v. RUTHERFORD et ux.

No. 5996.

Court of Civil Appeals of Texas. Texarkana.

Jan. 21, 1943.

Rehearing Denied Feb. 11, 1943.

314

Jones & Jones, of Mineola, and F. B. Caudle, of Mt. Vernon, for appellants.

Wherry & Casebier, of Quitman, for appellees.

WILLIAMS, Justice.

An agreement in writing, the basis of this suit, executed by appellants, R. L. Knox and A. E. Waghalter, plaintiffs below, and the appellees, Ivy Rutherford and Mattie, his wife, defendants below, is as follows:

"Hawkins, Texas.

"This contract is entered into this 19th day of October by and between Ivy Rutherford and wife, Mattie Rutherford, of Wood County, Texas, and R. L. Knox and A. E. Waghalter; and Ivy Rutherford, and wife, Mattie Rutherford, agree to execute a mineral deed covering a 10 acre undivided interest in their 100 acre tract in the H. E. Watson H. R. Survey, Wood County, Texas, to R. L. Knox and A. E. Waghalter for a consideration of $3,000.00 as soon as R. L. Knox and A. E. Waghalter or their assigns examine and pass the title to the ownership of the tract. It is also agreed and understood that the mineral deed will not participate in any delay rentals on the oil and gas lease now in force on this tract of land.

(Signed)

Ivy Rutherford
Mattie Rutherford
R. L. Knox
A. E. Waghalter."

The contract was prepared by plaintiffs in defendants' residence and there signed by above parties. Plaintiffs paid no consideration for the contract. It is conceded that the land involved is a part of defendants' homestead and was at the time the contract sued on was entered into. It is without dispute that plaintiffs knew that the tract was defendants' homestead at the time the contract was entered into. On or about December 20, 1940, two months after the execution of the contract, plaintiffs tendered to defendants $3000 and demanded a conveyance of the minerals. On or about this date, by reason of a well then being drilled in the area proving to be an oil producer, the minerals under the tract enhanced greatly in value. Upon the failure and refusal of the defendants to execute and deliver a conveyance, plaintiffs in January 1941, filed this suit for specific performance, and in the alternative sought to recover damages for alleged breach of above agreement. The damages sought was the difference in value of the minerals between the date of the instrument and that of about December 20, 1940, and date of trial.

At the close of the evidence, the court granted defendants' motion for an instructed verdict and directed the jury to find for the defendants. The points presented are confined to appellants' claim for damages allegedly suffered by reason of defendants' refusal to execute a deed of conveyance.

In the motion for an instructed verdict, defendants assigned as reasons therefor:

"1. The written agreement upon which the plaintiffs predicate their cause of action is in violation of the statute of frauds because it does not constitute a sufficient memorandum to take the transaction out of the operation of such statute.

"3. That the land referred to in the agreement is the homestead of the defendants, and that such agreement is executory in nature and cannot be the basis of a suit for specific performance or damages for failure to execute the instrument called for in such agreement.

"4. That the time allowed for the plaintiffs to exercise their rights under such agreement, in the absence of stipulation in the agreement, would be a reasonable time; and the undisputed evidence shows that the rights of the plaintiffs, under such agreement were not exercised within a reasonable time."

The reason assigned in paragraph 1 above, when applied to the written agreement here, sustains the action of the court in directing a verdict for defendants. We need not determine if the reference in the agreement to defendants' "100 acre tract in the H. E. Watson H. R. Survey, Wood County, Texas," was sufficient to identify the 10 acres mentioned therein. Looking to the writing, standing by itself, it will be readily observed that it fails to describe the life, condition, or terms of the mineral deed to be executed. Nor does the agreement contain any reference from which its

terms and conditions could be ascertained. For these reasons, the agreement as appears in the writing is within the inhibition of the statute of frauds, Article 3995, Subdiv. 4, R.C.S.1925, and is insufficient as a basis for a suit for the damages here sought. The facts involved in Taber v. Pettus Oil & Refining Co., 162 S.W.2d 959, 961, 141 A.L.R. 808, are in all material respects similar to this record. After reviewing many authorities, the Commission of Appeals in an opinion adopted by the Supreme Court, and applicable here, said: "since essential elements of the subject matter attempted to be dealt with in the memorandum * * * could not be identified within the terms of the instrument itself or any writing referred to by it as then in existence" plaintiffs "cannot recover thereon either for specific performance or for damages." See also Sneed v. Lester, Tex.Civ. App., 76 S.W.2d 802; 20 T.J. 310, Sec. 102. In the recent case of Fitts v. Stone, 166 S.W.2d 897, 900, rendered by the Supreme Court on December 16, 1942, that opinion concludes with the statement, "of course, if such contract was in violation of our Statute of Frauds, it could not be enforced, either specifically or in damages."

The conclusion reached renders unnecessary a discussion of the other points presented or the other reasons assigned by defendants in their motion for judgment. 3 Tex.Jur. p. 1008, Sec. 719.

The judgment is affirmed.