**JOPLIN et ux. v. NYSTEL.**

No. 5879.

Court of Civil Appeals of Texas. Amarillo.

May 31, 1948.

Herbert C. Martin, of Littlefield, for appellants.

Stubbeman, McRea & Sealy, of Midland, and Griffin & Morehead, of Plainview, for appellee.

PITTS, Chief Justice.

Appellants, Charles A. Joplin and wife Gladys Joplin, sued appellee, J. P. Nystel, for damages in the sum of $3100 for the breach of an alleged parole contract of sale by appellants to appellee of an undivided one-half interest in minerals in and under Labor 14, League 685, State Capitol Lands, Abner Taylor, Original Grantee, in Lamb County, Texas. Appellee directed twelve special exceptions to appellants' pleadings all of which were sustained by the trial court. Appellants refused to amend their pleadings and judgment was entered dismissing the alleged cause of action from which judgment appellants perfected their appeal.

Omitting the formal parts appellants pleaded in effect that on or about May 19, 1947, appellants and appellee entered into a parole contract whereby appellants agreed to sell to appellee for a consideration of $3100 an undivided one-half interest in minerals in and under Labor 14, League 685, State Capitol Lands, Abner Taylor, Original Grantee, in Lamb County, the said sale being made subject to an oil and gas lease of record and subject to appellants obtaining a subordination from lien holders and subject to appellants having a reasonable time to cure any defects of title. In support of the said parole agreement appellants executed a mineral deed to appellee who executed a customer's draft payable to appellants; the two were attached together and placed in the First State Bank of Abernathy, Texas, where the said deed was held in irrevocable escrow by the said bank as agent and the said draft was held subject to the control of appellee and the said bank. A copy of the said deed was attached to the pleadings and made a part thereof. The draft copied in the pleadings was as follows, to wit:

"Customer's Draft
No Protest
The First State Bank    No. ——
Purchas— Price, one-half Mineral Interest Labor 14, League 685, Lamb County, Texas, Subject to examination & Approval of title. Allow 30 days after receipt of complete abstract.

Abernathy, Texas, May 19th, 1947
On Demand Pay To The Order Of
Charles A. Joplin and Wife, Gladys Joplin    $3100.00
Three Thousand One Hundred and No/100  DOLLARS
Value received and charge the same to the account of with exchange J. O. Nystel, Lease Account,
To First State Bank
Abernathy, Texas        (signed)  J. P. Nystel.
(on back endorsed)
(signed–Charles A. Joplin
(Signed)  Gladys Joplin"

Appellants pleaded further in effect that the said draft constituted a sufficient memorandum in writing to support the parole agreement; that appellants obtained the subordination from the lien holders to the said mineral rights; that the said mineral deed was also a memorandum of the parole agreement; that appellee, without cause repudiated the contract, refused to pay the draft and accept delivery of the deed and instructed the said bank to return the deed and the draft and he thus breached the said contract; that appellants affirmed the terms of the contract and tendered the deed to appellee and sued for damages in the sum of $3100, the agreed consideration expressed in the parole contract.

Appellee excepted to appellants' pleadings on the grounds in substance that the alleged parole contract violates the Statute of Frauds and cannot be enforced; that the alleged draft fails to describe the life, conditions or terms of the deed attached

and fails to include all the essential terms and elements of the alleged contract but leaves some of the essential elements or terms to be established by parole, and it is therefore insufficient alone as a memorandum to comply with the Statute of Frauds and the draft and mineral deed cannot be considered together since appellee had nothing to do with the execution of the mineral deed and the draft makes no reference to the said deed; that no binding contract was alleged because the memorandum does not obligate appellants to sell nor appellee to buy, does not state a consideration and it is lacking in mutuality; that no cause of action was alleged because appellants pleaded that the agreement to sell was made subject to the approval of the title but there is no pleading that the title was either approved or rejected and there is no pleading that a clear and merchantable title in satisfaction of the agreement was tendered or that they submitted an abstract of title showing a good and sufficient title; that the conditions or terms of the parole contract making the sale subject to obtaining a subordination from lien holders and subject to approval of the title by appellee were essential elements of the contract not included in the memorandum in writing and cannot be established by parole; that the allegation that appellee repudiated and breached the contract without cause is a mere conclusion of the pleaders and that appellants are seeking damages without alleging any true measure of damages.

Appellants complain in two points of error that the trial court erred in holding that the draft alone is not an instrument in writing sufficient to satisfy the requirements of the Statute of Frauds and in holding that the draft with the mineral deed attached thereto was insufficient to meet the requirements of such statute. In counterpoints presented appellee resists the contentions made by appellants and then presents further counterpoints in support of the actions of the trial court in holding that appellants failed to allege a cause of action because of their failure to allege that appellee approved or rejected the title or that a good and sufficient title was tendered by appellants all of which were essential elements of the parole contract as pleaded by appellants.

Appellants admitted that they had "no further written memorandums to plead" other than the draft signed by appellee and endorsed by appellants and the mineral deed signed only by appellants. The first question here presented is the matter of determining whether or not the draft alone meets the requirements of the law. The law provides that no action can be maintained on a contract for the conveyance of real estate unless the contract or some memorandum thereof be in writing. Article 3995, Vernon's Annotated Civil Statutes. If the subject-matter sought to be conveyed is not described sufficiently to identify same, the requirements of the statute have not been met. Oil and gas in place under land are regarded as real estate, and conveyances thereof are subject to the same rules governing the conveyance of real estate. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703.

A court will not decree specific performance of a contract for sale of land nor entertain suit to recover damages for breach thereof, unless a written agreement or a memorandum required by the Statute of Frauds expresses the essential terms of the contract with such certainty and clarity that it may be understood without recourse to parole evidence of the intentions of the parties. In describing land contracted to be sold and conveyed, the writing required by the Statute of Frauds must furnish, within itself or by reference to some other existing writing, the means or data by which the particular land may be identified with reasonable certainty. The essential elements of a contract for the sale of land cannot be supplied by parole evidence, but details, merely explaining or clarifying the essential terms appearing in the instrument, may ordinarily be shown by parole. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

A careful examination of the draft reveals that it, standing alone, fails to describe the life, conditions or terms of the mineral grant and these are material elements of the alleged contract. The draft does not reveal that the sale of the minerals was subject to an oil and gas lease of

record, yet appellants pleaded that such was true and certainly such was a material element of the alleged parole agreement. The draft does not reveal whether or not the mineral grant was to be fully participating or non-participating in leasing rights, bonuses and delay rentals under oil and gas leases. Such is a material element of the alleged contract. It is our opinion that the draft does not constitute a sufficient memorandum to meet the requirements of the Statute of Frauds, Article 3995, Subdivision 4. Taber v. Pettus. Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959; Douglass v. Texas-Canadian Oil Corporation, 141 Tex. 506, 174 S.W.2d 730; Knox v. Rutherford, Tex.Civ.App., 168 S.W.2d 313.

We shall next determine whether or not the draft with the mineral deed attached thereto meets the requirements of the Statute of Frauds. The draft made no reference to the mineral deed attached to it. The Supreme Court held in the case of Douglass v. Texas-Canadian Oil Corporation, supra, that a mere physical connection between two instruments is not enough to warrant their consideration together so as to make one of them sufficient as a memorandum under the Statute of Frauds. Before a memorandum can be supplemented to avoid bar of the Statute of Frauds, both it and the physically connected instrument must show on their faces either by express reference to each other or by reference to the same subject matter their connection one with the other. The connection must be apparent from a comparison of the writings themselves. The mineral deed attached to the draft gives full description of the land while the draft gives only a partial description of the land; the deed states the consideration to be $10 while the draft states a different consideration or does not state any; the draft is drawn for $3100 but no definite showing is made as to what it is for while the deed makes no reference to such a sum; the deed recites that appellants are selling an undivided one-half interest in mineral rights under certain land fully described while the draft recites "Purchase Price, one-half Mineral Interest Labor 14, League 685, Lamb County, Texas * * *" but fails to express a definite

interest being offered for sale. Appellants alleged that the parole agreement provided for the sale of the mineral rights subject to an oil and gas lease of record and the mineral deed makes reference to any such existing lease while the draft makes no reference to such material element of the contract. The draft is not specific as to the life, conditions and terms of the mineral deed, which are material elements to be considered. Under the authorities previously cited the mineral deed cannot supply such deficiencies merely because it was physically attached to the draft, which makes no reference to the said deed.

Appellants rely on the case of Corona Petroleum Co. v. Jameson, Tex.Civ.App., 146 S.W.2d 512, 514, by the Fort Worth Court of Civil Appeals. That case is distinguishable from those of the Supreme Court and Commission of Appeals hereinabove cited and from the instant case in several ways but it is sufficient to state that the Fort Worth Court said in that case that "there was a general demurrer and special exceptions, which were overruled, of which ruling no complaint is made." Appellants are complaining here because exceptions to their pleadings were sustained while the exceptions were overruled in the Corona Petroleum Co. case but no complaint was made about it to the Fort Worth Court. It is our opinion that the trial court properly held that the draft is not such an instrument in writing as to satisfy the requirements of the Statute of Frauds, and that the mineral deed which is not signed by appellee but which is physically attached to the draft is not a sufficient memorandum in writing to supply the deficiencies of the draft and thus satisfy the requirements of the Statute of Frauds. Appellants' points to the contrary are therefore overruled.

·In addition to the issue of the Statute of Frauds appellee presents further counterpoints in support of the further holdings of the trial court in sustaining other exceptions to the effect that appellants failed to allege a cause of action because they pleaded that the sale was made subject to the approval of title by appellee but they failed to plead that the title was approved or rejected or that they tendered a title

sufficient to meet the requirements of the contract.

The rule is well established that it was incumbent upon appellants, after pleading that the parole contract was made subject to the conditions to be met or performed by them, to further plead that such conditions had been met or performed by them or they had offered to perform them before they would be entitled to claim recovery because of a breach of the contract. This appellants failed to do and we think their pleadings were fatally defective and subject to the exceptions presented. Echols v. Miller, Tex.Civ.App., 218 S.W. 48; Dixie Oil Co., Inc. v. McBurnett, Tex.Com.App., 6 S.W.2d 83; People's State Bank of Tyler v. Monsey Oil Co., Tex.Com.App., 11 S.W. 2d 507; 10 Tex.Jur. 53, Sec. 29.

For the reasons stated it is our opinion that the trial court entered a proper judgment and the same is affirmed.