## McCLENDON v. HOMESEEKERS' REALTY CO. et al. (No. 7335.)

(Court of Civil Appeals of Texas. San Antonio. April 8, 1925. Rehearing Denied May 13, 1925.)

**1. Courts ⚖⟶247(11)—Recitals in judgment held to show amount involved exceeded $100.**

Since in an action for damages interest forms part of damages, judgment of justice of peace reciting that plaintiff prayed for $50 earnest money, with 6 per cent. interest, and $50 as damages, with interest, held to show that amount involved in suit was more than $100, as respected finality of county court's judgment.

**2. Courts ⚖⟶247(11)—Court of Civil Appeals has jurisdiction of appeal from county court, where more than $100 involved.**

Where in suit commenced before a justice of the peace amount sued for exceeded $100, Court of Civil Appeals had jurisdiction on appeal from county court.

**3. Damages ⚖⟶78(6)—Contract held to have fixed measure of damages as amount paid thereon by vendee.**

Under contract providing that if vendee refused to carry out contract he should lose $50 deposit by him, and if vendor failed to tender good title vendee would be entitled to return of all money paid by him, contract fixed measure of damages, and on vendee's breach vendor was entitled to amount paid on contract by vendee.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by J. M. McClendon against the Homeseekers' Realty Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. R. Graves, of Fort Worth, for appellant. Alexander & Baldwin, of Fort Worth, for appellees.

FLY, C. J. This suit was instituted by appellant in a justice's court of Tarrant county in which he sought to recover over $100 from the Homeseekers' Realty Company, D. G. Murchison, W. E. Haskins, and L. R. Barton. In a judgment covering 4 typewritten pages, the justice of the peace determined appellant was entitled to nothing and should pay all costs of suit. The case was appealed to the county court, where a petition containing 13 typewritten pages was filed in an endeavor to show the court that the Homeseekers' Realty Company was indebted to appellant in the sum of $50 and L. R. Barton was indebted to him in the sum of $78.75.

It seems that $50 had been paid by appellant to the Homeseekers' Realty Company, $50 as earnest money on a purchase of certain land from L. R. Barton, and the Homeseekers' Realty Company disclaimed any interest in the money and paid it into the registry of the court. The jury in the county court found that Barton was entitled to the $50, and judgment was rendered against appellant for costs of suit. Appellant filed 12 pages of motion for new trial, which being overruled, he appealed to the Court of Civil Appeals, and is now before this court with 15 pages of bills of exception and a brief of 46 pages.

[1, 2] We find in the transcript of the proceedings of the justice's court a "statement of demand of plaintiff," which has a prayer in type "for judgment against the Homeseekers' Realty Company and D. G. Murchison and W. E. Haskins and the defendant L. R. Barton, in the sum of $50 with interest, and the sum of $50 against the defendant L. R. Barton, with interest, as damages." Some one has inserted with pencil after "with" in the phrase "with interest" the word "out," making the claim for the $50 in both instances read "without interest." The suspicion is aroused that the record has been tampered with by some one. Without interest as damages claimed by appellant the amount in controversy in the justice's court would be $100, and would cause the county court to be the court of final jurisdiction. However, all doubt as to what was claimed has been removed by the recitals in the judgment of the justice of the peace to the effect that "plaintiff prayed for the $50 earnest money, with 6 per cent. interest money for (from) the 28th day of April and $50 as damages for breach of contract, with interest, from 28th day of April, 1922." In an action for damages the interest forms a part of the damages; consequently the amount involved in the suit in the justice's court was more than $100. Railway v. Flory (Tex. Civ. App.) 118 S. W. 1116. The case was one of which the Court of Civil Appeals would have jurisdiction on appeal from the county court. Railway v. Cunnigan, 95 Tex. 439, 67 S. W.

---

⚖⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

888. The Supreme Court held in that case "that 'the amount in controversy,' as used in the statute, means the sum of money or the value of the thing originally sued for in the justice court." To the same effect is Fannin Co. Nat. Bank v. Gross (Tex. Civ. App.) 200 S. W. 187.

The decisions cited by appellees do not apply to a case originating in the justice's court when the amount claimed was sufficient to give this court jurisdiction.

[3] We do not deem it incumbent on this court to follow the various assignments of error and propositions found in the record. The contract relied on by appellant shows that it was agreed between the parties as to what the damages should be if appellant breached the contract, and what they should be if Barton breached it. The contract provides: In case of a good title to the land and appellant refused to carry out the contract, he should lose the $50 deposited by him, and in case Barton failed to tender a good title to the land then appellant should have the right to declare the contract at an end and no longer binding on him, and it should become null and void, and appellant should be entitled to the return of all money paid by him by reason of the agreement. The contract fixed the measure of damages which was the amount paid on the contract by appellant. The jury found that appellant and not Barton had breached the contract, and consequently he was entitled to receive the $50. Even outside of the contract the measure of damages in this case would be the amount of money appellant had paid on the contract, with interest. Kelly v. Simon (Tex. Civ. App.) 262 S. W. 202. This is a very simple case in which the plain issues as to a trivial sum have been so obscured and buried so deep under cumbersome and unnecessary pleadings and a mass of verbiage as to impose an amount of labor upon this court far in excess of any importance to be attached to the case.

The judgment will be affirmed.