**V. B. ROSS, Appellant,**

v.

**O. D. BURLESON, Appellee.**

**No. 12773.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 24, 1954.

Rehearing Denied Dec. 29, 1954.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by V. B. Ross in the 93rd District Court of Hidalgo County, complaining of O. D. Burleson, seeking to recover for the breach of a contract between these two parties, whereby three tournapulls were leased by plaintiff to defendant for a minimum of four months at a rental of $1,800 per month. Plaintiff asked for judgment in the sum of $7,920.

Defendant filed a motion for summary judgment in his favor, which was granted by the court and judgment rendered that plaintiff take nothing, from which judgment V. B. Ross has prosecuted this appeal.

Appellee's motion for summary judgment was based upon the contention that under the pleadings, depositions and admissions theretofore made, he was entitled to a take nothing judgment in his favor.

Appellant filed an answer to this motion, excepting to the sufficiency of the motion of appellee, and contending that appellee was not entitled to judgment in his favor, but that appellant himself was entitled to summary judgment in his favor.

Appellee's specific reason for asking for a summary judgment was that under the terms of the contract which was the basis of appellant's cause of action appellee was released from all liability, as the contract provided, "any re-possession of equipment pursuant to the terms hereof shall release the Lessee until full payment has been made in cash," and that a part of the equipment had been re-possessed and full payment had not been made in cash. These facts were established by the pleadings, depositions and admissions on file in the case.

Appellant's first contention is that that part of paragraph three of the contract relied upon by appellee, was ambiguous and that he should have been given an opportunity to offer evidence to show the real intention of the parties. Appellant had not plead any ambiguity in the contract, nor did he file an affidavit stating that there was ambiguity and setting forth his contention as to the real intention of the parties. Appellant stood on the contract as it was written and contended that he was entitled to a summary judgment in his favor. Under such circumstances the court properly ren-

dered judgment for appellee. The court had no right to presume that appellant intended later to plead an ambiguity in the contract and contend that the contract should be given a different meaning than that stated therein.

An ambiguity in a contract must be raised by the pleadings and in the absence of such a pleading the court will not hear evidence as to the intention of the parties which is different from that expressed in the contract. This is especially so where the contract was prepared by the person claiming the ambiguity, as is the case here. 10 Tex.Jur. 517, § 301; 17 C.J.S., Contracts, § 535, p. 1159; San Antonio Machine & Supply Co. v. Allen, Tex.Civ.App., 268 S.W. 532; Curry v. Texas Co., Tex.Civ. App., 8 S.W.2d 206; C. A. Bryant Co. v. Hamlin Independent School Dist., Tex.Civ. App., 18 S.W.2d 750; Totten v. Houghton, Tex.Civ.App., 2 S.W.2d 530; Jones v. Dumas Development Co., Tex.Civ.App., 229 S.W.2d 936.

Ordinarily a defective pleading would not be grounds for the granting of a summary judgment, but here the appellant did not ask leave of the court to amend his pleadings setting up the contention of ambiguity, nor did he intimate, either by pleading, affidavit, admissions or depositions, that he ever intended to raise the question of ambiguity. He contended that he was entitled to a summary judgment on the contract as written.

Appellant contends that the trial court found that the release provision in paragraph three of the contract was clear and unambiguous and did not require any construction or interpretation, and was not susceptible to construction and interpretation because it was clear and unambiguous and released the appellee from any liability under said contract, because appellant repossessed one of the leased tournapulls. The record does not reflect that the trial court made these findings. There are no separate findings or conclusions of law in the record, other than the finding in the final judgment, "that the motion of the Defendant for Summary Judgment should be sustained."

Appellant contends that it would have been foolish and absurd for him to have made a contract containing the provision that: "Any repossession of equipment pursuant to the terms hereof shall release the Lessee until full payment has been made in cash." Unless there is a contention of ambiguity, fraud, accident or mutual mistake, the court does not concern itself with whether a contract is foolish or absurd.

In Hansen v. Yturria, Tex.Civ.App., 48 S.W. 795, 797, the court said: "As between parties standing on the same footing, courts do not inquire whether they contracted wisely or foolishly."

In Wichita Engineering Co. v. Roy J. Heyne Mach. Co., Tex.Civ.App., 200 S.W. 2d 685, the Court held that parties making a legal contract are bound thereby, even though it may be improvident."

In Jones v. Winter, Tex.Civ.App., 215 S.W.2d 654, 656, the Court said: "In the absence of fraud, accident, or mistake, it is conclusively presumed that parties to the contract were familiar with and understand its terms."

It is true that in a summary judgment hearing courts construe the pleadings, affidavits and other instruments liberally, in favor of the party against whom such summary judgment is sought. 2 Baylor Law Review 320; Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422. However, here, no matter how liberally you construe the instruments in appellant's favor, you still come to the conclusion that appellee was entitled to a summary judgment that appellant take nothing.

The judgment of the trial court will be affirmed.