'Babe ANDERSON et al., Appellants,

v.

Arthur POWELL, Appellee.

No. 16397.

Court of Civil Appeals of Texas.

Dallas.

July 10, 1964.

Yarborough, Yarborough & Johnson and Don Hinds, Dallas, for appellants.

Speck, Johnson & Alexander and Harry T. Holland, Dallas, for appellee.

DIXON, Chief Justice.

On November 27, 1961 appellee Arthur Powell signed a contract to purchase a house and lot from appellant Babe W. Anderson for the sum of $5,500, the transaction to be closed on or before February 1, 1962.

At the time of signing the contract appellee deposited with Commercial Title Company the sum of $200 as "earnest money and part payment." In another paragraph in the contract it is provided that if the transaction should not be closed on or before February 1, 1962 "the $200.00 escrow deposit shall

be forfeited." In still another paragraph it is provided that in the event appellee should fail or refuse to consummate the contract, appellant "shall have the right to retain said cash deposit as liquidated damages for the breach of the contract."

The contract also contains this recitation: "In the event the improvements on the above described property are destroyed or damaged *beyond repair* by *fire,* windstorm, hail, explosion or otherwise before this contract is consummated the purchaser may at his option, terminate this contract, and the deposit hereinbefore first mentioned, shall be returned to the purchaser." (Emphasis ours.)

Soon after the signing of the contract the house was damaged by fire. The damage was slight and was easily repairable, as appellee himself testified. Nevertheless, appellee refused to consummate the contract on February 1, 1962 and demanded return of the $200 deposit made by him when he signed the contract.

Upon appellant's refusal to agree to the return of the deposit appellee brought this suit against Commercial Title Company and appellant to compel return of the $200. Commercial Title Company paid the money into the treasury of the court for proper disposition and has no interest in the outcome of this appeal. In addition to his answer appellant filed a cross-action asking that he be granted judgment for the $200 deposit.

After a non-jury trial judgment was rendered in favor of appellee to the effect that the $200 deposit be returned to him.

In four points on appeal appellant in effect contends that judgment should have been rendered against appellee in his suit and in favor of appellant on his cross-action because the undisputed evidence shows that the fire did not damage the house beyond repair, therefore appellee had no right to refuse to consummate his contract, and appellant is entitled to the $200 deposit.

■ We agree with appellant. The contract does not contain any provision that the house should be in the same condition on the date of the closing that it was in on the date of the signing. Quite to the contrary, it provides that appellee might terminate the contract at his option if meantime the house should be damaged *beyond repair*. Since the house was not damaged beyond repair, as appellee himself admits, he had no option to terminate the contract because of the fire. He wrongfully refused to consummate his contract on February 1, 1962.

■ What was the amount of the damages sustained by appellant because of appellee's refusal to close the transaction on February 1, 1962? It would be extremely difficult if not impossible to calculate the amount of such damage. Under the circumstances the provision in the contract for liquidated damages is valid and enforceable. It is not to be construed as a penalty. Talkin v. Anderson, Tex., 19 S.W. 852; Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061; Magruder v. Poulton (Comm.App.), 257 S.W. 533; Irvin v. Lambert, Tex.Civ. App., 70 S.W.2d 495; McClendon v. Homeseekers' Realty Co., et al, Tex.Civ.App., 272 S.W. 216; Reinhardt v. Borders, et ux, Tex.Civ.App., 184 S.W. 791; Atwood v. Fagan, 63 Tex.Civ.App. 659, 134 S.W. 765.

■ Though forfeitures are not favored in law or in equity, they are not illegal. Home Ins. Co. v. Puckett (Comm.App.), 27 S.W.2d 111. When the parties in unambiguous language write into their agreement a provision for forfeiture, the courts will enforce the provision. Grindstaff v. Mather, 186 S.W.2d 364; Bunn v. City of Laredo, Tex.Civ.App., 208 S.W. 675.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant Babe Anderson and against appellee Arthur Powell for the $200 now on deposit in the treasury of the court and for all costs of suit.

Reversed and rendered.