**PRESBYTERIAN HOSPITAL OF DALLAS, Appellant,**

v.

**NATIONAL LIFE AND ACCIDENT IN-SURANCE COMPANY, Appellee.**

No. 17827.

Court of Civil Appeals of Texas, Dallas.

April 27, 1972.

---

Grover Hartt, Jr., Tod B. Calhoun, Hartt & Perry, Inc., Dallas, for appellant.

Joe W. Matthews, Matthews & Thorp, Dallas, for appellee.

GUITTARD, Justice.

The question is whether the trial court erred in denying plaintiff's motion for discovery and granting defendant's motion for summary judgment on the pleadings alone on the ground that the petition affirmatively showed that plaintiff was not entitled to recover. We affirm.

Presbyterian Hospital of Dallas sued Raymond Edwards and National Life and Accident Insurance Company for hospital services furnished to Edwards. As ground for recovery against the insurance company, plaintiff alleged that the company had sold to Edwards three policies of hospitalization insurance which were in effect at the time of his admission to the hospital, and that he had assigned to plaintiff all benefits under these policies. The petition alleges further:

"The exact language of the assignment reads:

'ASSIGNMENT OF BENEFITS. I hereby authorize the National Life and Accident Insurance Company to pay directly to Presbyterian Hospital all benefits due me, if any, by reason of the services described in the statements rendered and as provided for in the above policy contract with the aforementioned insurance company * * *.'"

Edwards defaulted. The insurance company filed a general denial and an unsworn motion for summary judgment stating that the basis of plaintiff's claim against it was a "purported assignment of benefits" under certain insurance policies issued to Edwards, that the alleged assignment was quoted in the petition, and that the pleadings show that there is no genuine issue as to any material fact. Plaintiff served defendant with a request for admissions and filed a motion to produce certain documents. On November 6, 1970, the court heard defendant's motion for summary judgment and took it under advisement. On May 28, 1971, plaintiff filed a motion to compel production of the documents and answers to the request for admissions. On September 29, 1971 the trial court denied plaintiff's motion for discovery and granted summary judgment for the defendants, from which plaintiff appeals.

 We consider first plaintiff's second point, which asserts that summary judgment could not properly be rendered on the pleadings alone. We overrule this point because a motion for summary judgment is a recognized procedure for raising the question that the petition fails to state a cause of action.[1] Plaintiff relies on au-

---

1. McDonald, Summary Judgments, 30 Tex. L.Rev. 285 at 297 (1952); Suggs & Stumberg, Summary Judgment Procedure, 22 Tex.L.Rev. 433 at 438 (1944); Bauman, Summary Judgment: The Tex- as Experience, 31 Tex.L.Rev. 866, at 877. Comment, The Scope of Pleading as Proof in Summary Judgment Procedure, 30 Tex.L.Rev. 613 at 614 (1952).

thorities holding that pleadings are not competent summary judgment proof, particularly *Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540 (Tex.Sup. 1971). These authorities stand for the rule that pleadings may not be considered summary judgment proof in favor of the pleader. Plaintiff cites no cases dealing with pleadings as summary judgment proof against the pleader. In *Hidalgo* the Supreme Court expressly recognized that summary judgment is authorized on the pleadings when the plaintiff's petition fails to state a legal claim or cause of action.[2] This holding follows from the rule that factual allegations in a pleading are judicial admissions which obviate proof by the opposing party.[3] Summary judgments based on the failure of the petition to state a cause of action have been affirmed by the courts of civil appeals in a number of cases.[4]

■ Accordingly, we look to the allegations of the petition to determine whether it alleges facts sufficient for recovery. We find that it does not because the "assignment" alleged is not actually an assignment of any interest in the policy, but only an authorization to the insurance company to pay benefits to the hospital. Such an authorization merely appoints the hospital as agent to receive the benefits due to the insured, and does not give it any independent right of recovery on the policy.[5]

■ Of course, when a motion for summary judgment is sustained on the ground of a defect in the petition, plaintiff has the right to amend to correct the defect, if it is amendable.[6] However, plaintiff does not complain that it was denied leave to amend, and the record shows no request for such leave. Neither does plaintiff contend that the defect was amendable. Apparently it chose to stand on the allegations which we now hold to be insufficient to state a cause of action. Consequently, plaintiff's second point is overruled.

■ We also overrule plaintiff's first point, which complains of the denial of plaintiff's motion for discovery. The motion was filed more than six months after the motion for summary judgment was heard. We may presume, in the absence of any suggestion in the record to the contrary, that the only purpose of the discovery was to establish the allegations of the petition, which we hold to be insufficient to state a cause of action. However, our decision need not rest on that presumption, since the request for admissions and the motion for production of documents are in the record. The admissions requested concern only the issuance of the policy to Edwards and the coverage of such policy. Such requests, if admitted, would not help plaintiff establish a cause of action. The motion for production demands the policies issued to Edwards, a copy of plaintiff's bill sent to the insurance company, and a copy

2. 462 S.W.2d 540, at 543, note 1.

3. Rose v. Baker, 138 Tex. 554, 160 S.W. 2d 515 (1942); Ray v. Peters, 422 S.W. 2d 615 (Tex.Civ.App., Waco 1967, no writ).

4. DeMuth v. Head, 378 S.W.2d 389 (Tex. Civ.App., Dallas 1964, writ ref'd n. r. e.); Barnard v. Kuldell, 349 S.W.2d 313 (Tex.Civ.App., Houston 1961, no writ); Ross v. Burleson, 274 S.W.2d 105 (Tex. Civ.App., San Antonio 1954, no writ); Schroeder v. Texas & Pacific Ry., 243 S.W.2d 261 (Tex.Civ.App., Dallas 1951, no writ). See also dicta to the effect that pleadings may be so faulty as to justify summary judgment. Brownson

v. New, 259 S.W.2d 277 (Tex.Civ.App., San Antonio 1953, per Norvell, J., writ dism'd); Rolfe v. Swearingen, 241 S.W. 2d 236 (Tex.Civ.App., San Antonio 1951, per Pope, J., writ ref'd n. r. e.).

5. East Texas Life & Accident Ins. Co. v. Carver, 407 S.W.2d 251 (Tex.Civ. App., Texarkana 1966, writ dism'd); Preferred Life Ins. Co. v. Stephenville Hospital, 256 S.W.2d 1006 (Tex.Civ. App., Eastland 1953, no writ); Couch on Insurance 2d, § 63:50 at 688.

6. Akin Products Co. v. Bush, 319 S.W.2d 404 (Tex.Civ.App., Fort Worth 1958, writ ref'd n. r. e.); Ross v. Burleson, *supra* note 4.

of the alleged "assignment" as sent to the insurance company. Since the exact language of the "assignment" is quoted in the petition, plaintiff evidently was already familiar with the terms. Thus the record affirmatively shows that even if all the discovery requested had been granted, plaintiff still would have had no right to recover from the insurance company. Such discovery would have served no purpose and would have caused unnecessary delay and expense.

If plaintiff had any reason for delaying the hearing on the ground that it expected to develop by discovery evidence that would have established a cause of action which could have been alleged in an amended pleading, then it had the burden to file an affidavit in compliance with Texas Rules of Civil Procedure, rule 166–A, subd. (f).[7] Since plaintiff failed to present any affidavit under this rule, and failed to ask for a continuance until discovery could be obtained, it is in no position to complain that the summary judgment was premature. Peterson v. Burks Around the Clock Plumbing Co., 449 S.W. 2d 859 (Tex.Civ.App., Houston 1st Dist. 1970, no writ).

Under its third point plaintiff argues that the trial court had no authority to construe the purported "assignment" alleged in the petition. It insists that the court "abused its discretion in that it weighed the evidence concerning the 'Assignment of Benefits' and determined the credibility of the same." Plaintiff's theory seems to be that the meaning of the language of the document is a question of fact. This point is overruled because the document as alleged in the petition is not ambiguous. Plaintiff does not plead that it

was ambiguous. In the absence of ambiguity, its interpretation was a matter of law for the court.[8] The third point is also overruled.

Affirmed.

---

7. "When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

8. Wynnewood State Bank v. Embrey, 451 S.W.2d 930 (Tex.Civ.App., Dallas 1970, writ ref'd n. r. e.); Ross v. Burleson, supra note 4.