Clifton **AYERS** et al., Appellants,

v.

Leon **HODGES**, Jr., et al., Appellees.

No. 795.

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1974.

Henry Stollenwerck, Dallas, for appellants.

Smith, Rachal, Schutze, Sanderson & Boudreaux, Joe N. Boudreaux, Dallas, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiffs, Clifton Ayers and H. H. Lide, brought suit against defendants, Leon Hodges, Jr., and Hodges Properties, Inc., for damages for a breach of contract. As grounds for a cause of action plaintiffs alleged that defendants rescinded their written agreement to purchase 1262 acres of land from plaintiffs. Defendants answered with a general denial and alleged by way of a cross action that they had properly terminated the contract in accordance with the terms and conditions because of the existence of four easements across the land and prayed for the return of their $24,000.-00 earnest money deposit. Both parties filed a motion for summary judgment alleging that under the pleading, affidavits and exhibits, no genuine issue of material fact remained to be determined and that they each were entitled to judgment as a matter of law under Rule 166–A, Texas Rules of Civil Procedure. After a hearing the trial court entered a summary judgment in favor of defendants, and overruled plaintiffs' motion and rendered a take-

nothing judgment against them. From this judgment plaintiffs perfected this appeal.

We affirm.

Plaintiffs contend that the trial court erred in granting a summary judgment in favor of defendants and erred in refusing to grant their motion for summary judgment. They argue that under the terms of the contract, defendants had no right to rescind the agreement merely because they found the existence of certain easements to be objectionable.

The pertinent provisions of the contract are as follows:

"1. Seller hereby sells and agrees to convey, and Purchaser hereby purchases and agrees to pay for, a tract of land * * *.

"2. The purchase price for the property is $892,000.00. The purchase price shall be payable as follows:

(a) 5% of the purchase price shall be payable in cash at closing.

"4. At Closing, Seller shall convey to Purchaser by General Warranty Deed, good and indefeasible title in fee simple to all of the property, free and clear of any and all liens, encumbrances, conditions, easements, assessments and restrictions, except for the following:

(d) The utility easements, mineral reservations, and other conditions shown in the Title Binder issued by Rains County Abstract Company and *approved by Purchaser pursuant to Paragraph 5 below.*" (Emphasis ours.)

Paragraph five provides as follows:

"5. Seller agrees to furnish, at Seller's sole cost and expense, a 'Title Binder' issued by the Title Company named herein, not later than fifteen (15) days after the execution date of this Contract by all parties. *This Contract is subject to Purchaser's review and approval of all easements of record,* leases, restrictions, and other matters affecting the herein described property, a copy of which shall be delivered with the Title Binder. Purchaser shall have fifteen (15) days from the receipt of said Title Binder in which to approve or disapprove any of said easements, leases, or other Title defects contained in said Binder. In the event Purchaser finds any such matters *unsatisfactory,* Purchaser agrees to notify Seller, in writing, and Seller shall have ten (10) days from the date of notification by Purchaser in which to cure, satisfactorily to Purchaser, any said defects. If Seller is unable to cure such defects, the Purchaser shall have the right to either waive such defects and proceed with closing, or Purchaser may declare this Contract null and void, and receive any contract earnest money theretofore paid. (Emphasis ours.)

The facts are undisputed. After the execution of the foregoing contract and pursuant to the terms of the contract, plaintiffs furnished defendants with a title binder containing a list of easements. Within the fifteen-day period granted defendants in which to make objections to the title, defendants wrote plaintiffs advising them that certain easements shown in the title binder were unsatisfactory and were disapproved in accordance with the contract. Plaintiffs advised defendants that they could not cure the objections and that they would not attempt to do so. Within the ten-day period granted by the contract, defendants notified plaintiffs of their intention to rescind and terminate the contract.

The record reveals that defendants objected to a right-of-way easement in favor of Bright Star-Salem Water Supply Corporation; a right-of-way in favor of Bi-Stone Fuel Company, and two right-of-way easements in favor of Lone Star Gas Company.

■ It is without dispute that defendants timely objected to the easements and timely followed all necessary procedural

steps to rescind and terminate the contract. Plaintiffs do not contend that defendants' rejection of the easements was not activated by good faith.

There is no evidence showing defendants knew of the existence of the easements prior to the time they received the title binder, nor is there any evidence indicating that the easements were physically visible on the ground. It is specifically provided in Paragraph 5 of the contract that the agreement to purchase was subject to the defendants' review and approval of all easements of record. This paragraph also gives the defendants the right to approve or disapprove of any easement and provides that in the event of their disapproval of an easement defendants would not be obligated to purchase the land unless plaintiffs cured the objection.

■ Plaintiffs contend, for the first time on this appeal, that the contract is ambiguous and that the trial court should have construed the contract as meaning that defendants were granted a right to disapprove the terms and conditions of the easements, but had no right to disapprove the mere existence of the easements in question. Nowhere in their pleadings did they plead ambiguity, nor did they file any affidavit stating that there was any ambiguity and setting forth their contention as to the real intention of the parties. Plaintiffs stood on the contract as written. Under these circumstances, we think the trial court properly rendered judgment for defendants.

■ Unless a written contract is ambiguous on its face, a party seeking to establish an ambiguity has the burden of pleading the ambiguity by setting out that portion of the contract claimed to be ambiguous and offering proof as to the true intention of the parties. 13 Tex.Jur.2d Contracts Sec. 373, p. 648; Ross v. Burleson, 274 S.W.2d 105 (Tex.Civ.App.. San Antonio, 1954, n. w. h.). In the absence of any pleading or summary judgment proof showing ambiguity was an issue in the case, the trial court could not presume that plaintiffs intended later to plead ambiguity and decide the case on that basis. Under these circumstances plaintiffs are in no position to contend that the court erred in rendering a summary judgment for the defendants upon the contract as written.

■ Plaintiffs contend that it would have been impossible for them to remove the easement and therefore the parties did not contemplate the performance of an impossibility. We do not agree. Parties to a contract are bound thereby even though it may be improvident. Ross v. Burleson, supra, citing cases. The proposition is settled that a purchaser in the contract to purchase land has the right to specify the character of title that will suit him. Blomstrom v. Wells, 239 S.W. 227, 230 (Tex. Civ.App., San Antonio, 1922, error dism.); Crenshaw v. True, 295 S.W. 632 (Tex. Civ.App., San Antonio, 1927, no writ).

■ As we construe it, the contract is explicit in its terms and is free from ambiguity and uncertainty. It clearly binds the sellers to convey a good and indefeasible title in fee simple free and clear of all easements, except those approved by the purchaser. With regard to the utility easements, the parties specifically agreed that the sellers would furnish the purchasers a title binder showing such easements that purchaser could approve or disapprove of any such utility easements and that upon sellers' failure to cure any objection within ten days the contract would become null and void. As we construe it, the agreement amounted to a "purchaser satisfaction" contract. Unless the easements, reservations and conditions upon the property listed in the Title Binder were found by defendants to be satisfactory to them, or timely cured satisfactory to them, plaintiffs could not deliver the character of title called for by the contract. "Purchaser satisfaction" contracts are valid and enforceable as written. Sanger v. Slayden, 7 Tex.Civ.App. 605, 26 S.W. 847, 847–849

(1894, no writ) ; Campbell v. Hart, 256 S. W.2d 255 (Tex.Civ.App., Fort Worth, 1953, writ ref'd., n. r. e.) ; Sanchez v. Mecom, 284 S.W.2d 932 (Tex.Civ.App., San Antonio, 1955, writ ref'd., n. r. e.). Since the uncontroverted facts show plaintiffs failed to furnish defendants with a title satisfactory to them as provided by the contract, defendants had a right to terminate the agreement. It follows that the trial court properly disposed of the matter by rendering a summary judgment in favor of defendants and a take-nothing judgment against plaintiffs.

The judgment of the trial court is affirmed.