Clyde BREWER et al., Appellants,

v.

Harold D. MYERS, Appellee.

No. 985.

Court of Civil Appeals of Texas, Tyler.

Dec. 9, 1976.

J. Preston Brashear, III, Garland, for appellants.

Michael V. Killough, Killough & Killough, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. The question to be determined is whether the provision for liquidated damages in a contract for the sale of real estate limits the seller to the retention of a stipulated sum as his exclusive remedy or whether the contract grants the seller an option to seek actual damages sustained by the seller.

Plaintiffs, Clyde and Norma Brewer, brought this suit against defendant, Harold Myers, for damages for breach of contract alleging that Myers entered into a written agreement to purchase from them a house and lot located in Garland, Texas, and that after signing the earnest money contract to purchase the property, the defendant refused to consummate the transaction. The defendant answered by a general denial and, subsequently, filed a motion for summary judgment under Rule 166–A in which he alleged that he had deposited the sum of $200 with an agent of the plaintiffs pursuant to the terms of the earnest money contract; that under the terms of the contract plaintiffs' exclusive remedy for his failure or refusal to purchase the property was to accept the forfeiture of said earnest money deposit; and that the earnest money deposit had not been returned to him. Plaintiffs did not reply to the motion. The trial court granted the motion and entered a summary judgment that the plaintiffs take nothing. From such judgment plaintiffs perfected this appeal. We affirm.

The evidence is not in dispute. The parties executed the earnest money contract, and the defendant paid the $200 deposit to the agent of the plaintiffs. The defendant failed and refused to purchase the property. Plaintiffs did not return the $200 earnest money, nor did they tender such amount prior to filing the present suit for damages.

Plaintiffs seek a reversal by a single point of error consisting of four subpoints. In the first subpoint, plaintiffs assert that this controversy presents only a law question in that the only issue presented is whether the contract limits the plaintiffs' damages to the $200 earnest money or whether the contract grants plaintiffs an option to either accept the $200 earnest money or to sue for actual damages. Plaintiffs argue that the provision in the contract stating that seller "shall have the *right* to retain said cash deposit as liquidated damages" (emphasis supplied), should be interpreted to mean that they have a right to elect between liquidated damages or actual damages. Consequently, they contend that the court erred in interpreting the contract to mean that they have no right to sue for actual damages and entering a summary judgment against them. We agree with the trial court's interpretation of the agreement and accordingly overrule plaintiffs' first subpoint.

It is a well settled rule that unless it is ambiguous on its face a written instrument will be enforced as written when neither party asserts that the contract terms are ambiguous so as to necessitate the introduction of extrinsic evidence for its interpretation. *Ross v. Burleson,* 274 S.W.2d 105, 107 (Tex.Civ.App.—San Antonio 1954, no writ); see *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154

(1951). The rule holds true even though the precise meaning of the language used in the contract may be doubtful. *Sale v. Contran Corporation,* 486 S.W.2d 161, 165 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); *Wynnewood State Bank v. Embrey,* 451 S.W.2d 930 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.).

The material parts of the contract in question provide as follows: ". . . the purchaser has deposited with Mike Lewis Real Estate Escrow the sum of $200 as earnest money and part payment, the receipt of which is hereby acknowledged by said deposit holder . . . ." The contract further provides "In the event Purchaser is the defaulting party, Seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract."

It is settled law that in the situation where a contract of sale executed by two parties contains a stipulation to the effect that a sum of earnest money, placed in escrow by the proposed purchaser and in law regarded as liquidated damages, shall be paid to the seller if the seller fulfills his obligations and the purchaser fails to perform his obligation to purchase, the stipulation carries with it the necessary implication that the seller binds himself, by the stipulation, to accept such sum as compensation for his loss resulting from the happening of the contingency named. Having thus bound himself to accept the sum for such damages as may be suffered by reason of nonperformance of the contract on the part of the purchaser, the seller cannot sue the proposed purchaser for actual damages. *Moss & Raley v. Wren,* 102 Tex. 567, 120 S.W. 847 (1909) rev'g 113 S.W. 739 (1908); *Huffhines v. Bourland,* 280 S.W. 561, 563 (Tex.Com.App.1926, jdmt. adopted); See generally 17 Tex.Jur.2d *Damages* secs. 151 & 152.

Here, by the terms of the agreement the parties plainly expressed the intention that upon default by the purchaser, the seller would have a right to retain the cash deposit as liquidated damages. Since the damages were estimated by the parties in advance and were liquidated by agreement, the courts will enforce the provision as written and will not apply a different measure of damages so as to allow the aggrieved party to sue for actual damages. *Anderson v. Powell,* 381 S.W.2d 365, 366 (Tex.Civ. App.—Dallas 1964, no writ); *Allpress v. McGill,* 246 S.W.2d 714 (Tex.Civ.App.—San Antonio 1952, no writ); *Elliot v. Henck,* 223 S.W.2d 292, 295 (Tex.Civ.App.—Galveston 1949, writ ref'd n.r.e.).

We are not impressed with the plaintiffs' contention that the language in the contract which gives them the "right" to retain the cash deposit means that the plaintiffs have a right to refuse liquidated damages and sue for actual damages. The word "right" as used by the parties in this instance simply means that, upon default by the buyer, plaintiffs would have a "right" to the title of the $200 earnest money. *Anderson v. Powell,* supra. Had the parties intended to give the plaintiffs the right to refuse liquidated damages and sue for actual damages they could have easily so stated in the contract. As we interpret the contract it means what it plainly says, that is, it provides for liquidated damages. It follows, therefore, as a matter of law, that the contract under its own terms affords no basis for a cause of action for actual damages and the trial court properly disposed of the matter by granting defendant's motion for summary judgment.

Under their second subpoint, plaintiffs contend, in the alternative, that the contract is ambiguous and therefore creates an issue of fact concerning the intent of the parties. Thus, they argue that the court erred in granting a summary judgment. Plaintiffs argue that the contract is ambiguous because it is not clear whether the parties intended to limit plaintiffs' recovery to the earnest money deposit as liquidated damages rather than their actual damages. We find no merit in the contention. Nowhere in the pleadings did plaintiffs allege ambiguity, nor did plaintiffs file any summary judgment proof raising the issue of ambiguity. When the cause was submitted to the trial court, plaintiffs

elected to stand on the contract as written. As pointed out hereinabove, the fact that the contract provided that the plaintiffs had a "right" to retain the cash deposit does not raise the inference that they had a right to abandon their agreement to accept liquidated damages and sue for actual damages. We do not believe the contract provision in question is ambiguous, but even if it were, in the absence of any pleading of ambiguity or ambiguity on the face of the instrument, the plaintiffs are in no position to contend ambiguity for the first time on appeal. *Phillips v. Inexco Oil Company, Inc.,* 540 S.W.2d 546, 548 (Tex.Civ.App.—Tyler 1976, no writ); *Ayers v. Hodges,* 517 S.W.2d 589, 592 (Tex.Civ.App.—Tyler 1974, no writ).

Under the third subpoint plaintiffs assert that the court erred in granting a summary judgment because a material issue of fact existed as to whether plaintiffs accepted the $200 earnest money deposited with their agent. In this connection plaintiffs contend that there is no summary judgment proof that they elected to retain the $200 earnest money deposit as liquidated damages. The contention is without merit and is overruled.

The question of whether the plaintiffs elected to retain the deposit as liquidated damages does not constitute a material fact issue. Under the terms of the contract, plaintiffs bound themselves to accept such sum as compensation for their loss resulting from the happening of the contingency named. Plaintiffs cannot escape the obligations of the contract on the ground the liquidated damages were not accepted or retained by them. Consequently, no duty rested on defendants to offer summary judgment proof on the issue.

Plaintiffs waived their fourth and final subpoint by failing to discuss the same in their brief. Rule 418, Texas Rules of Civil Procedure.

The judgment is affirmed.