Lovell v. Tom Ryan Chevrolet 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-575-CV





DORA LOVELL,



 APPELLANT


vs.





TOM RYAN CHEVROLET COUNTRY, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 457,406, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 







 Dora Lovell sued Tom Ryan Chevrolet Country, Inc. (the "Dealer") for breach of
express and implied warranties allegedly made in connection with the sale of a Chevrolet truck. 
A jury returned a verdict awarding Lovell damages on both theories. The trial court rendered
judgment non obstante veredicto (n.o.v.) that Lovell take nothing. Lovell complains only of that
portion of the judgment relating to the implied warranty. We will affirm the judgment of the trial
court.




BACKGROUND



 Lovell purchased a customized convertible pickup truck from the Dealer. The top
leaked when it rained. After the Dealer made several unsuccessful attempts to repair the top,
Lovell brought suit pursuant to the Deceptive Trade Practices--Consumer Protection Act, Tex.
Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1993), alleging only that the Dealer
had breached express and implied warranties.

 Although the Dealer pleaded the affirmative defense of disclaimer of warranties,
it did not submit a jury question on disclaimer. The jury, finding breaches of express and implied
warranties, awarded Lovell damages for both. Nonetheless, the trial court granted the Dealer's
motion for judgment n.o.v. On appeal, Lovell brings a single point of error challenging the trial
court's judgment n.o.v. on the issue of breach of the implied warranty of merchantability.


DISCUSSION



 The Dealer moved for judgment n.o.v. on the grounds that (1) it had disclaimed
implied warranties, and (2) Lovell failed to prove her damages by competent evidence. (1) In order
to uphold a trial court's judgment n.o.v., an appellate court must determine that no evidence
supports the jury's findings. Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). 
Appellate courts must consider the evidence and inferences as they tend to support the verdict and
not with a view toward supporting the judgment. Garcia v. Insurance Co. of Pa., 751 S.W.2d
857, 858 (Tex. 1988). Because an implied warranty must exist before damages may be awarded
for its breach, we must initially determine whether there is any evidence to support the existence
of the implied warranty of merchantability. 

 A warranty that goods shall be merchantable is implied in a contract for their sale
if the seller is a merchant with respect to goods of that kind. Tex. Bus. & Com. Code Ann.
§ 2.314 (West 1968). The seller can, however, disclaim the implied warranty by use of
conspicuous language expressly mentioning merchantability. Id. § 2.316; see also Cate v. Dover
Corp., 790 S.W.2d 559, 560 (Tex. 1990). Such a disclaimer does not offend the "no waiver"
provision in a suit for breach of warranty under the DTPA. Southwestern Bell Tel. Co. v. FDP
Corp., 811 S.W.2d 572, 577 (Tex. 1991). When all implied warranties are effectively disclaimed
through compliance with section 2.316, there cannot be an actionable breach under the DTPA. 
See Singleton v. LaCoure, 712 S.W.2d 757, 760 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd
n.r.e.). Therefore, the success of Lovell's suit turned on whether the Dealer effectively
disclaimed the implied warranty of merchantability.

 The record evidence indicates that the final agreement between the parties was the
form "Retail Installment Contract." This contract contains the following language, appearing in
bold type:



Warranties Seller Disclaims. You [Lovell] understand that the Seller [Dealer]
is not offering any warranties and that there are no implied warranties of
merchantability, of fitness for a particular purpose, or any other warranties,
express or implied by the Seller, covering the vehicle unless the Seller extends
a written warranty or service contract within 90 days from the date of this
contract.


Lovell has never disputed that this language and the bold type adequately comply with section
2.316 so as to disclaim the Dealer's implied warranties. Rather, she asserts that the quoted
language is reasonably susceptible of more than one construction and is thus ambiguous. On this
basis, Lovell contends that interpretation of the disclaimer presents a question for the jury and
because the Dealer failed to submit a jury question on the disclaimer, it has waived its right to
assert that defense. See Middle States Petroleum Corp. v. Messenger, 368 S.W.2d 645, 653-54
(Tex. Civ. App.--Dallas 1963, writ ref'd n.r.e.) (defendant has burden to request and submit
defensive issue on waiver/disclaimer of implied warranty unless it is conclusively established).

 Based on our study of the record, we believe Lovell's argument comes too late. 
Lovell's theory that the disclaimer is ambiguous was neither pleaded nor urged at trial. A party
may not assert for the first time on appeal a basis for judgment which was not asserted in its
pleadings and presented to the trial court. Texas State Bank of Austin v. Sharp, 506 S.W.2d 761,
765 (Tex. Civ. App.--Austin 1974, writ ref'd n.r.e.). In the absence of any pleading of ambiguity
or ambiguity on the face of the instrument, Lovell may not now raise ambiguity before this Court. 
Brewer v. Myers, 545 S.W.2d 235, 238 (Tex. Civ. App.--Tyler 1976, no writ).

 Assuming, however, that Lovell is entitled to raise the issue of the disclaimer's
ambiguity on appeal, we conclude that the trial court properly granted judgment n.o.v. In
determining whether a contract is ambiguous, a court must apply the rules of interpretation of
contracts to the writing with the aim of ascertaining the true intention of the parties. Corriveau
v. 3005 Inv. Corp., 697 S.W.2d 766, 767 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). 
To accomplish this objective, the court will examine the entire writing, seeking to harmonize and
give effect to all the provisions of the contract so that none will be rendered meaningless. 
Universal C.I.T. Credit Corp. v. Daniel, 243 S.W.2d 154, 158 (Tex. 1951). If the contract can
be given a certain definite legal meaning or interpretation, then it is not ambiguous and the court
will construe the contract as a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983).

 Lovell finds ambiguity in the final clause of the disclaimer, "unless the Seller
extends a written warranty or service contract within 90 days from the date of this contract." The
parties agree that the Dealer did furnish Lovell with a written GM warranty within 90 days. 
Based on this fact, Lovell claims that the clause can reasonably be read as not disclaiming the
Dealer's implied warranty of merchantability. We disagree.

 Lovell concedes in her appellate brief that the warranty the Dealer "extended" was
a GM warranty to lengthen the manufacturer's coverage of the truck to 48 months or 50,000
miles, whichever occurred first. Lovell charged the purchase of this extended warranty to a GM-sponsored credit card, applied for at the same time as the warranty. The evidence indicates that
the Dealer physically provided the paper work and performed the clerical tasks necessary to
process GM's warranty.

 Lovell's claim of ambiguity turns on the fact that the word "extends" in the
Dealer's disclaimer has more than one meaning. Since in some contexts the word "extend"
embraces the sense of "to stretch or hold out," see, e.g., Random House College Dictionary 468
(rev. ed. 1984), Lovell implies that the disclaimer is inherently ambiguous because the Dealer's
conduct in furnishing ("extending") GM's warranty could be understood as a waiver of the
Dealer's disclaimer. However, "extend" is also defined to mean "to grant," id., as when a person
extends support to a charity.

 The test of ambiguity is not whether the words in a contract have more than one
meaning, but whether the language used is reasonably susceptible to only one meaning. See, e.g.,
R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex. 1980). The court
must seek the objective intent of the parties, the intent expressed or apparent in the writing. 
Cherokee Water Co. v. Forderhouse, 641 S.W.2d 522, 525 (Tex. 1982). Were the test otherwise,
no contract could ever be certain, given that almost all words possess various shades of meaning.

 From our reading of the Retail Installment Contract, we cannot conclude that
Lovell's gloss of "extends" is reasonable or that the use of "extends" admits of ambiguity such
that the parties' objective intent is unclear. The disclaimer provision explains that "the Seller is
not offering any warranties" and that "there are no implied warranties of merchantability . . . by
the Seller." These clauses objectively manifest the Dealer's intent to disclaim its own warranties. 
Given this clear purpose, we think it unreasonable to assume that the Dealer intended to waive
its disclaimer simply by providing Lovell with another entity's warranty. The obvious intent
reflected in the disclaimer is that the Dealer was referring to its own warranties. Thus, the
Dealer's clerical actions with respect to GM's warranty do not serve to waive its disclaimer. The
Dealer would have waived its disclaimer only if it had granted Lovell a warranty of its own.

 Other contractual language further reflects the distinction between the Dealer's own
warranties and those of GM. The Dealer's disclaimer is followed by a sentence explaining, "This
provision does not affect any warranties covering the vehicle which may be provided by the
vehicle manufacturer." This statement evinces the parties' awareness that the Dealer's disclaimer
would not alter the manufacturer's warranty coverage. A logical corollary is that the
manufacturer's coverage would not affect the Dealer's disclaimer of its own warranty coverage.

 As support for her contention that the disclaimer is ambiguous, Lovell cites a
Rhode Island Supreme Court case holding a warranty disclaimer ambiguous. See East Side
Prescription Ctr., Inc. v. E.P. Fournier Co., Inc., 585 A.2d 1176, 1180 (R.I. 1991). Though
we are not bound by the precedents of other states' courts, we may look to them for guidance. 
In this instance, we see no inconsistency between our holding and that in Fournier. The attempted
disclaimer in Fournier read as follows:


 All warranties, if any, by a manufacturer or supplier other than dealer are
theirs, not dealer's, and only such manufacturer or other supplier shall be liable for
performance under such warranties. Unless dealer furnishes buyer with a separate
written warranty or service contract made by dealer on its own behalf, dealer
hereby disclaims all warranties, express or implied, including any implied
warranties of merchantability or fitness for a particular purpose: 

 (a) On all goods and services sold by dealer, and

 (b) on all used vehicles which are hereby sold "as is--not expressly warranted
or guaranteed."


Id. at 1180 (emphasis added). Lovell contends that since the Rhode Island Supreme Court held
that disclaimer ambiguous as a matter of law despite the emphasized language, the Dealer's
disclaimer here is all the more ambiguous. Lovell misreads Fournier.

 The Rhode Island Supreme Court did not find the disclaimer ambiguous on the
basis of the emphasized language, but rather because it was internally inconsistent. Initially, the
Fournier disclaimer shifts the obligation to honor all warranties to the manufacturer, but in the
next sentence, it refers to the dealer's policy of honoring only those warranties executed on its
own behalf. These statements are inconsistent in that one refers to existing warranties while the
other disclaims those warranties but provides for alternatives. Further, the final statement of the
Fournier disclaimer is facially ambiguous in that it disclaims all implied warranties "on all goods
and services" sold by the dealer, and then limits that universal disclaimer to only those vehicles
sold "as is." Id.

 The Dealer's disclaimer in this case lacks such ambiguity. The disclaimer makes
no broad references to "all warranties," but confines its scope to warranties of the seller, and
further specifies that the disclaimer has no effect on the manufacturer's warranties. We hold that
the disclaimer does not run afoul of the analysis used in Fournier. While we might agree that the
disclaimer before us could be further clarified, to find the contract unambiguous we need only
conclude that, as written, the disclaimer is reasonably susceptible of only one meaning. We hold
that it is.

 The parties' contract shows no objective intent by the Dealer to warrant the truck,
even though it clerically assisted Lovell in obtaining GM's extended warranty. We conclude that
the definite legal meaning of the disclaimer, the one objectively manifest in the contractual
language, is that only if the Dealer proffered its own warranty or service contract, as opposed to
simply helping Lovell to secure an extended manufacturer's warranty, would the Dealer waive
its disclaimer of implied warranties.


CONCLUSION



 We hold that there is no evidence to support the jury's award of damages for breach
of the implied warranty of merchantability because there is no evidence of an implied warranty
of merchantability. Rather, the evidence shows that the Dealer effectively disclaimed the implied
warranty by a provision in the Retail Installment Contract. Because we conclude that the
disclaimer is unambiguous as a matter of law, we hold that the Dealer was not required to submit
a jury question on the disclaimer. We overrule Lovell's point of error.

 We therefore affirm the trial court's judgment non obstante veredicto.



 
 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: February 10, 1993

[Do Not Publish]
1. Although the trial court granted the Dealer's motion, its judgment n.o.v. does not specify
the particular basis for its judgment.